UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANDRA HINES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Sandra Hines ("Ms. Hines" or "Plaintiff") files this Complaint for Equitable Relief and Damages, showing the Court the following:

### Introduction

1.

This is an action for both interference and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.

### Jurisdiction and Venue

2.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

3.

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the unlawful actions and practices were committed within the Northern District of Georgia.

**The Parties**

4.

Ms. Hines is a citizen of the United States and a resident of the State of Georgia.  Ms. Hines is a former employee of the City of Atlanta.

5.

Ms. Hines is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that she had been employed with the City of Atlanta for more than 12 months and worked more than 1250 hours in the 12 months preceding her approved FMLA leave to care for her daughter, who suffers from a serious health condition.

6.

Defendant City of Atlanta ("The City" or "Defendant") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

7.

The City is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

8.

The City had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of FMLA, 29 U.S.C. § 2601 *et seq.*

9.

The City is subject to the jurisdiction of this Court. The City of Atlanta may be served with process by serving Mayor Kasim Reed at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, Atlanta, Georgia 30303.

## **The Facts**

10.

Ms. Hines began employment with the City of Atlanta on December 21, 2004 and was promoted to Code Compliance Supervisor on July 17, 2007.

11.

Ms. Hines excelled as a Code Compliance Supervisor and consistently received good reviews.

12.

On May 7, 2010, Ms. Hines' 8-year old daughter was admitted to the intensive care unit at Children's Hospital and diagnosed with juvenile diabetes.

13.

Ms. Hines' daughter was in the hospital for approximately a week and out of school for an additional three weeks.

14.

Ms. Hines notified Cayward Wiggins, Acting Office Manager, and Terry Lee of her need to take intermittent medical leave that qualified for FMLA job protection.

15.

On May 10, 2010, Ms. Hines completed the necessary paperwork, obtained the signature of her daughter's health care provider and submitted the documents to the City of Atlanta.

16.

The City of Atlanta approved Ms. Hines' intermittent FMLA.

17.

In approximately June 2010, Ms. Hines applied for and was approved to work from home on days her daughter's illness prevented her from being physically in the office.

18.

Two or three times between June and August 2010, Ms. Hines worked from home.

19.

On August 13, 2010, Ms. Hines learned that Daphne Talley, a code enforcement officer with less experience and credentials, had been made Chief of Code Compliance.

20.

On August 24, 2010, Ms. Hines sent an email as a formal complaint to Kevin Bean, Director of Code Compliance, and others, stating she believed she was treated unfairly in not being considered for the promotion.

21.

After sending her August 24, 2010 email, Mr. Bean began calling Ms. Hines into his office almost daily, micromanaging her team, criticizing the smallest details.  Ms. Hines was treated differently from the other supervisors.

22.

While she was out on FMLA leave, consulting with doctors about whether her daughter needed to be taken to the Emergency Room, Mr. Bean contacted Ms. Hines repeatedly on her cell phone.  When she returned to her office, Mr. Bean told Ms. Hines "when I call you, you better answer your phone."

23.

Despite Ms. Hines' explanation that she was on FMLA leave, dealing with her daughter's illness, Mr. Bean reminded her that she was "an at-will employee" and as long as she was "a City of Atlanta employee, she was expected to work 24/7."

24.

When Ms. Hines explained that she had approval to work from home if necessary when her daughter was ill, Mr. Bean denied her this opportunity.

25.

In late September 2010, Mr. Bean asked Ms. Hines to explain her daughter's illness in specific detail to him.

26.

In October 2010, during one of his personal meetings with her, Mr. Bean told Ms. Hines that she needed to be a "stay-at-home" mom.

27.

On December 14, 2010, Ms. Hines used her intermittent FMLA time to take her daughter to the pediatrician.

28.

The next day, December 15, 2010, City of Atlanta unceremoniously terminated Ms. Hines' employment – a clear violation of the FMLA.

29.

Ms. Hines's position was posted just weeks later, on January 11, 2011, and another individual was hired to replace her.

## COUNT I
### Interference with FMLA Leave

30.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

31.

Ms. Hines was an eligible employee who has a minor child with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

32.

By attempting to force Ms. Hines to work while she was on FMLA approved medical leave, the City of Atlanta prevented Ms. Hines from exercising the rights provided to her under the FMLA.

33.

The City of Atlanta's actions in interfering with Ms. Hines' FMLA leave were committed with reckless disregard for her right to take up to 12 work weeks of leave time to care for a child with a serious health condition and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

34.

By terminating Ms. Hines after she periodically utilized her approved intermittent FMLA, the City of Atlanta retaliated against her for exercising her rights under the FMLA.

35.

The effect of City of Atlanta' actions has been to deprive Ms. Hines of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her right to leave under the FMLA.

36.

As a result, Ms. Hines is entitled to both equitable and monetary relief for the City of Atlanta's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

37.

Ms. Hines is also entitled to liquidated damages for the City of Atlanta's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II
## Retaliation for Exercise of FMLA Rights

38.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

39.

Ms. Hines was an eligible employee who has a minor child with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

40.

By failing to promote Ms. Hines to Chief Compliance Officer because of her use of protected FMLA leave, the City of Atlanta retaliated against Ms. Hines for exercising her rights under the FMLA.

41.

By terminating Ms. Hines after she periodically utilized her approved intermittent FMLA, the City of Atlanta retaliated against her for exercising her rights under the FMLA.

42.

The City of Atlanta's actions in retaliation for Ms. Hines' exercise of her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment for exercising her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

43.

The City of Atlanta's actions in retaliation for Ms. Hines' exercise of her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment for exercising her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

44.

The effect of the City of Atlanta's actions has been to deprive Ms. Hines of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

45.

As a result, Ms. Hines is entitled to both equitable and monetary relief for the City of Atlanta's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

46.

As a result, Ms. Hines is entitled to both equitable and monetary relief for the City of Atlanta's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

47.

Ms. Hines is also entitled to liquidated damages for the City of Atlanta's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a) a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b) full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe benefits of employment, with prejudgment interest thereon;

(c) liquidated damages pursuant to 29 U.S.C. § 2617;

(d) reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

(e) That this Court enter a permanent injunction prohibiting the City of Atlanta from engaging in unlawful employment practices in violation of FMLA and requiring Defendant to promote Plaintiff to the position of Code Enforcement Supervisor, with back pay and all benefits, privileges, and rights that accompany the position;

(f) reasonable attorneys' fees and costs; and

(g) other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of November, 2011.

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiff